# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0806-23** |
| | GPD REPORT NO. 23-29677 |
| vs. | |
| | DECISION AND ORDER GRANTING |
| **JUAN ALBERTO GONZALEZ, JR.,** | MOTION TO TRANSFER CASE |
| DOB: 11/28/2006 | TO FAMILY COURT |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on May 14, 2024, for a hearing on Defendant Juan Alberto Gonzalez, Jr.'s ("Defendant") Motion to Transfer Case to Family Court (the "Motion"). Defendant was present and represented by defense counsel Assistant Public Defender Peter J. Sablan via Zoom. Assistant Attorney General Christine S. Tenorio was present on behalf of the People of Guam ("the People") via Zoom. The People did not object to the Motion at the hearing; however, requested additional information, including a forensic examination of the Defendant, to which the Defendant consented. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After having received and reviewed the papers, arguments, and the file herein, the Court issues the following Decision and Order **GRANTING** the Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 22, 2023, the People filed an Indictment charging the Defendant of the offense of Eight Counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony) in violation of 9 GCA § 25.20(a)(1) and (b). Counts One and Two of the Indictment allege that on November 23, 2022, to November 30, 2022, inclusive, in Guam, the Defendant did intentionally engage in sexual contact with another, to wit: by touching the primary genital area of *J.W. (DOB: 09/08/2016)* (the "Victim"), a minor under fourteen (14) years of age. Indictment (Nov. 30, 2022). Counts Three and Four allege that on November 23, 2022, to November 30, 2022, inclusive, in Guam, the Defendant did intentionally engage in sexual contact with another, to wit: by touching the buttock of the Victim, a minor under the age of fourteen (14) years of age. *Id.* Counts Five and Six allege that on November 23, 2023, to December 15, 2023, inclusive, in Guam, the Defendant did intentionally engage in sexual contact with another, to wit: by touching the primary genital area of the Victim, a minor under fourteen (14) years of age. *Id.* Counts Seven and Eight allege that on November 23, 2023, to December 15, 2023, inclusive, in Guam, the Defendant did intentionally engage in sexual contact with another, to wit: by touching the buttock of the Victim, a minor under fourteen (14) years of age. *Id.*

The Defendant filed his Motion on January 25, 2024. The People filed their Response to the Defendant's Motion on February 9, 2024, as a *Response*, rather than an "Opposition." On March 20, 2024, at the first hearing on the Motion, the People represented to the Court that they do not oppose a transfer to the Family Court, rather, the People required additional information from the Defendant in support of a transfer to the Family Court considering the seriousness of the charged offense. *Min. Entry* (Mar. 20, 2024), at 10:09:27 – 10:10:13 AM. The Court noted that because 19 GCA § 5106(d) requires a finding for a transfer to the Family Court must be "based on

clear and convincing evidence" that the Defendant would benefit from the transfer, the Court agreed that more information was needed in order to decide the Motion, including a background and evaluation of the Defendant and potential services that may be afforded to the Defendant. *Id.* at 10:11:06 – 10:12:59 AM.

Based on the representations and statements made during the above-captioned hearing, on May 6, 2024, the Court issued an Order for Forensic Evaluation to assist the Court in making its decision. *See Order for Forensic Evaluation (Motion to Remand Minor to the Jurisdiction of the Family Court) 19 GCA 5106(d)* (May 6, 2024).

## ANALYSIS

The applicable Guam law addressing the transfer of a criminal complaint to the jurisdiction of the Family Court is Title 19, Guam Code Annotated, § 5106(d). Such a transfer shall be made upon "a finding on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id.* The Court is instructed to consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor, and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors,
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense,
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner,
    (D) whether there is evidence the offense caused seriously bodily harm, and
    (E) whether there is evidence the minor possessed a deadly weapon,
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system,
(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated,

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services,

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction, and

(8) the adequacy of the punishment or services.

*Id.* Guam law also emphasizes that "the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed. . ." *Id.*

## DISCUSSION

Defendant argues that a transfer to the Family Court is appropriate because of the circumstances of the case and the advantage of treatment available to the Defendant. The circumstances of the case that supports the transfer are as follows: the Defendant was a minor between the ages of fifteen (15) and seventeen (17) at the time of the alleged offense; public information on the Defendant at the time of filing indicate that the Defendant is a first offender; and the circumstances of the alleged offense do not indicate serious bodily injury, aggression, or any use of a deadly weapon. *See Defendant's Mot. to Transfer Case to Family Court* (Jan. 25, 2024). Defendant further argues that he will benefit from treatment made available through the juvenile justice system, and the Defendant will likely be rehabilitated before the expiration of the juvenile court's jurisdiction. *Id.* An analysis of the factors described in 19 GCA § 5106(d) is discussed below.

1.      Age of Defendant

Defendant was sixteen (16) years old at the time he is alleged to have committed the crime charged is thus eligible under 19 GCA § 5106 to have his case considered for transfer to the Family Court.

//

//

//

## 2. History of Defendant

Defendant has no prior criminal history nor any delinquency petition in the Family Court. Defendant is currently under the supervision of the Department of Youth Affairs ("DYA"). Ms. Yvonne Paulino, Defendant's case worker at DYA, represented to the Court that the Defendant is a model youth at DYA with no instances or reports of behavioral issues. Ms. Paulino considers Defendant a good candidate for the services provided for juveniles at DYA.

With respect to the Defendant's background, the Court finds the results of several tests administered by Dr. Juan Rapadas during the forensic examination to be particularly compelling. Specifically, Defendant was given the Brief Problems Monitor-Youth Form (BPM-Y) for ages 11-18 "to survey any self-reported emotional and behavioral problems." Dr. Rapadas concluded that Defendant's resulting score "was in the clinically significant range of 65." *Forensiv Eval.* at p. 6. Defendant was also administered the TSCC (Trauma Symptom Checklist for Children) which is an assessment "to check for any self-reported psychological and/or behavioral disorders as well as any sexual dysfunction problems as well." The result of the TSCC indicated "nearly significant and significant emotional/psychiatric/or behavioral or sexual problems in practically *all* TSCC area to include anxiety, depression, PTS symptoms, dissociation symptoms (dissociation overt and fantasy) and the overall Sexual Concerns to include Sexual Distress." *Id.* These considerations weigh in favor of the transfer to the Family Court.

## 3. Circumstances of the offense

The charges against the Defendant are serious offenses constituting 1st Degree Felonies. The Defendant is alleged to have engaged in sexual contact with two minor victims under the age of fourteen (14) years old. However, despite the inherent serious nature of the charges, the Defendant is not alleged to have committed these acts aggressively, and the evidence does not

suggest the victims suffered serious bodily harm or that the Defendant possessed a deadly weapon. The Court deeply considers the seriousness of the offense, especially the vulnerability of the minor victims to weigh against transfer to the Family Court.

4.    Advantages of treatment within the juvenile system

Dr. Rapadas has opined that while Defendant did not lack substantial capacity needed to reach a level of insanity at the time of the alleged offense, he concluded that "because of [Defendant's] past trauma and abuse and subsequent development of clinical disorders, he suffered a diminished capacity resulting from suffering a mood and anxiety disorder for years, starting from early childhood." *Id.* at p. 7 (emphasis added). He found further that Defendant is open to "any and all help" for his psychological and substance abuse issues and to be assessed for possible special education needs. *Id.*

Under the circumstances, the Court finds that the Family Court has the ability to provide the necessary supervision and treatment available under the juvenile system as well as adequate resources to habilitate and hold Defendant accountable for his actions. Defendant would be able to continue his high school education with DYA and participate in meaningful services as may be ordered by the Family Court. A *Guardian Ad Litem* should also be appointed to the Defendant once the Petition is filed by the Office of the Attorney General, Family Division, as the Court was informed that there is a concurrent PINS case involving all the minor children, including the Defendant. These considerations weigh in favor of the transfer to the Family Court.

5.    Security of the public

"In most serious category of cases, the public sense of security and justice require an assurance that a dangerous offender, or one who has committed a serious crime cannot within a short time be released." *See* Comment on 9 G.C.A. § 80.30. The Court recognizes that the

Defendant does not have a history of juvenile delinquency, and this is his first contact with the criminal justice system. The Court further recognizes that the Defendant does not have any history of violence toward other individuals and is not a flight risk. These considerations weigh in favor of the transfer to the Family Court.

6.      <u>Minor's history of services and willingness to participate meaningfully in available services.</u>

Defendant is currently receiving services and is in the custody of DYA. Defendant's affirmations within the Motion and representations made by Ms. Yvonne Paulino, DYA social worker, to the Court demonstrate his willingness to meaningfully participate in available services. The Defendant receives psychological services provided by DYA and does not have a history of infractions or noncompliance. Indeed, he is described as a "model client" in DYA. Dr. Rapadas also confirmed that the Defendant is "open to any and all help for his psychological and substance abuse issues." *Forensic Eval.* at p. 9. These considerations weigh in favor of the transfer to the Family Court.

7.      <u>Minor's rehabilitation before expiration of juvenile court's jurisdiction</u>

19 GCA § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court could have jurisdiction of Defendant until November 28, 2027, when he turns 21. The Court finds that Defendant can be habilitated before the expiration of the Family Court's jurisdiction in 2027. While Defendant is currently receiving services, it is not known if these services are specifically targeted towards the specific behavior in the current matter; therefore, DYA shall endeavor to obtain an assessment of the Defendant to determine his need any psychological interventions and

treatment to address this behavior.[1] Based on Defendant's affirmations in his Motion and representations made by defense counsel and Ms. Paulino, the Court finds that the Defendant understands the serious nature of his conduct. Dr. Rapadas observed that, although Defendant, during the interview, "did not verbally express regret and remorse, ... his behavior and pained countenance at the exam, seem to show some compassion for the victims rather than showing no sympathy at all and blaming the victim attitude which is often seen in many criminal cases."

Based upon Dr. Rapadas's observations and conclusion, the Court finds that Defendant will be able to learn and master skills which were never taught to him by a responsible parental figure during his supervision in the Family Court. In this way, he will be habilitated and continue to pursue his goals in life without the taint of being a convicted felon and, indeed, one with the restrictions and prohibitions accompanying a conviction for criminal sexual conduct. These considerations weigh in favor of the transfer to the Family Court.

8.     Adequacy of punishment or services

The offense charged in this case is a felony in the first degree. If convicted, Defendant would be sentenced pursuant to 9 GCA § 80.30 and could be sentenced to five (5) to twenty (20) years of imprisonment for each offense. Defendant has continued to remain in the custody of DYA pending the dismissal of the case upon the expiration of the thirty (30) day period in which the People have to file a Petition in the Family Court. He will continue to remain in custody of DYA until a proper placement is found and as might be ordered by the Family Court. Indeed, the Family Court may order Defendant remanded and his liberty denied until the age of 21, which is just a few months shy of the minimum term of incarceration for each count. Thus, the Court finds that

---

[1] The Court has previously issued an *Order After Hearing* compelling the Department of Youth Affairs to provide any assessment and treatment for behavioral health, neurological health and dental health and be responsible for the cost of providing such services. *Order After Hearing* (June 28, 2024).

the Family Court may adequately punish the Defendant for the offenses to which he will admit when in the Family Court. These considerations weigh in favor of the transfer to the Family Court.

### CONCLUSION

Based on the factors above, the Court finds by clear and convincing evidence that disposition in this matter in the Family Court is in the best interest of the minor and in the interests of justice. As directed by the statute, the Court must give great weight to the seriousness of the offense; however, on balance, the Court finds that Defendant's adverse childhood experiences and trauma, particularly the abuse he himself suffered as a very young child, which went ignored and untreated by his parent and parent-figure contributed significantly to the Defendant's actions in this case.

Moreover, the Court finds that the Defendant's willingness to participate in the services of the Family Court, progress in the DYA program, and Ms. Yvonne Paulino's statements suggest that the Defendant has a significant chance for habilitation.[2] As such, the Court holds that a transfer to the Family Court is appropriate and warranted.

Consequently, the Court hereby **GRANTS** Defendant's Motion to Transfer to Family Court. **IT IS FURTHER ORDERED** that the People, by and through the Family Division of the Office of the Attorney General, shall cause to be filed a juvenile delinquency Petition **within thirty (30) days** of the issuance of this Order unless the time for filing is otherwise extended by this

---

[2] The Court employs the term "habilitation" in this instance rather than "rehabilitation" because the word "rehabilitate" is defined in Black's law dictionary as "restoration of an individual to its greatest potential, whether physically, mentally, socially or vocationally." In this case, the forensic evaluation establishes by clear and convincing evidence that the Defendant has never had the adult supervision which would allow him to reach his greatest potential, thus, there is nothing to "restore." Instead, transferring this case to the family court is intended to allow Defendant to be "habilitated," that is, to *learn and master* brand new skills regarding appropriate behaviors and coping with stressors and trauma.

Court. Failure to file a Petition within the time set forth herein shall not prevent this Court from dismissing this case for the reasons set forth herein.

A Further Proceedings is scheduled for _AUGUST 12,_____, 2024, at _3:00_ p .m.

**SO ORDERED** this _JULY 11, 2024_____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

**SERVICE VIA EMAIL.**

I acknowledge that an electronic
copy of the original was e-mailed to:

AG, PDSC

Date: 7/11/24 Time: 3:33pm

Antonio R. Cruz

Deputy Clerk, Superior Court of Guam